IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IRENE C. KOCEN,                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )   Civil Action No. 3:10CV921-HEH
                                   )
PICCADILLY RESTAURANTS, LLC,       )
                                   )
                                   )
            Defendant.             )

## MEMORANDUM OPINION
### (Granting Defendant's Motion for Summary Judgment)

This is a premises liability action in which Irene C. Kocen ("Plaintiff") has sued

Piccadilly Restaurants, LLC ("Defendant") for negligence.  Defendant removed the suit

to this Court pursuant to 28 U.S.C. § 1441, and the matter is presently before the Court

on Defendant's Motion for Summary Judgment.  The parties have filed detailed

memoranda in support of their respective positions.  Because the facts and legal

contentions are adequately presented in the materials before the Court and argument

would not aid in the decisional process, the Court will dispense with oral argument.  For

the reasons discussed herein, Defendant's Motion will be granted.

## I. BACKGROUND

This personal injury action arises from a "slip-and-fall" accident that occurred

during Plaintiff's visit to the Piccadilly Restaurant in Richmond, Virginia.  The following

facts are not in dispute.  On February 14, 2009, at approximately 6:00 p.m., Plaintiff

arrived at the Piccadilly Restaurant located at 8004 West Broad Street.  Plaintiff and her

husband Irvin Kocen entered the restaurant and approached the buffet line, which consisted of a single, long counter with stainless steel rails where customers could place their trays. The counter contained food display cases and a beverage station followed by a cashier located at the end of the counter. A rectangular black mat was placed on the floor in front of the beverage station.[1] (Def.'s Mem. Supp. Mot. Summ. J. [hereinafter Def.'s MSJ] Ex. 2 at 3). After entering the buffet line followed by her husband, Plaintiff proceeded through the food portion of the buffet and ordered a dish to be delivered to her seat. (Def.'s MSJ Ex. 3 at 30). Plaintiff then moved to the beverage station, at which point she tripped on the rectangular mat located on the floor in front of the station. This caused Plaintiff to fall to the ground striking the left side of her body on the ground and hitting her head on the wall running parallel to the buffet line. An ambulance was immediately called to the scene. Two individuals, including Plaintiff's husband, witnessed the fall. (Def.'s MSJ Ex. 2 at 3–4).

On September 16, 2010, Plaintiff filed suit against Defendant in the Circuit Court of the County of Henrico. Defendant then filed a notice of removal on December 30, 2010 to remove this action from the Circuit Court pursuant to 28 U.S.C. § 1441. On July 14, 2011, Defendant moved for summary judgment contending that Plaintiff has failed to prove that a dangerous or hazardous condition actually existed. Furthermore, Defendant argues that Plaintiff has not provided sufficient evidence to show that Defendant had

---

[1] According to the associate manager of the Piccadilly Restaurant at the time of the accident, the mat was placed in front of the beverage station to prevent liquid from accumulating on the floor in the event that a customer spilled a beverage or ice. (Pl.'s Mem. Opp'n Mot. Summ. J. [hereinafter Pl.'s Opp'n] Ex. E at 29).

2

actual or constructive knowledge of the condition resulting in Plaintiff's fall.[2] This Court agrees.

## II. STANDARD OF REVIEW

Summary judgment is appropriate only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists if the evidence, when viewed "in the light most favorable to the non-moving party," *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990), "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion" and "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Once the movant meets this initial burden, however, the nonmoving party may not rest upon mere allegations in the pleadings, but instead "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (quoting Fed. R. Civ. P. 56(e))[3] (emphasis in original). The absence or presence of a genuinely disputed fact must be demonstrated by "citing to particular parts

---

[2] Defendant also alleges that Plaintiff's own contributory negligence bars recovery; however, the Court need not reach this argument as Plaintiff has failed to produce sufficient evidence of Defendant's negligence.
[3] Fed. R. Civ. P. 56 was revised in December 2010. This case quotes an older version of the rule.

of materials in the record,"[4] or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

It is well established that the mere existence of some factual dispute will not necessarily defeat an otherwise properly supported motion for summary judgment; rather "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–4 9, 106 S. Ct. 2505, 2510 (1986). In terms of materiality, the substantive law determines those facts that are material. Consequently, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* A genuine issue concerning a material fact only arises when the evidence, viewed in the light most favorable to the nonmoving party, is sufficient to allow a reasonable jury to return a verdict in the party's favor. *Id.*

### III. ANALYSIS

A federal court exercising diversity jurisdiction applies the substantive law of the forum state. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78–79, 58 S. Ct. 817, 822 (1938). Under Virginia law, a claim of negligence requires proof that the defendant breached some duty owed to the plaintiff, and that such a breach caused the plaintiff to suffer an injury. *Colonial Stores Inc. v. Pulley*, 203 Va. 535, 537, 125 S.E.2d 188, 189 (1962). The standard applicable to slip-and-fall cases is well settled. A defendant owes the

---

[4] This includes "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A)

plaintiff a "duty to exercise ordinary care toward her as its invitee upon its premises." *Id.*
To fulfill this duty, a defendant must maintain the premises in a reasonably safe
condition; "remove, within a reasonable time, foreign objects from its floors which it may
have placed there or which it knew, or should have known, that other persons had placed
there;" and warn the plaintiff of any unsafe condition that is unknown to the plaintiff, but
is known, or should be known, to the store owner. *Id.*

To establish a defendant's negligence in a slip-and-fall case under Virginia law, a
plaintiff must produce direct or circumstantial evidence to demonstrate that an unsafe or
dangerous condition existed at the time of the accident. *Kendrick v. Vaz, Inc.*, 244 Va.
380, 384, 421 S.E.2d 447, 450 (1992). "[W]here the evidence shows that any one of
several things may have caused the injury, for some of which the defendant is responsible
and for some of which he is not, and leaves the real cause to speculation and conjecture,
then the plaintiff has failed to establish his case." *Williamsburg Shop, Inc. v. Weeks*, 201
Va. 244, 248, 110 S.E.2d 189, 192 (1992) (setting aside a judgment for plaintiff where
evidence could not prove that the steps plaintiff slipped on were wet and slippery).

After sufficiently alleging the existence of an unsafe condition, the plaintiff then
must prove "why and how the incident happened." *Town of West Point v. Evans*, 224 Va.
625, 628, 299 S.E.2d 349, 351 (1983). In situations where "the cause of the event is left
to conjecture, guess, or random judgment, the plaintiff cannot recover." *Id.* A plaintiff is
not precluded from recovery, however, simply because she lacks evidence as to why the
unsafe condition resulted in her injury. *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d. 446,
452 (4th Cir. 2004). Rather, a plaintiff may survive summary judgment by introducing

5

sufficient evidence to enable a reasonable jury to conclude that the defendant had actual

or constructive notice of the dangerous condition. In cases involving constructive notice,

Virginia law further differentiates between cases where the allegations arise out of the

defendant's affirmative conduct and cases where the allegations arise out of the

defendant's passive conduct. *Haliburton v. Food Lion, LLC*, No. 3:07CV6222008, 2008

WL 1809127, at *3 (E.D. Va. Apr. 21, 2008); *see also Ashby v. Faison & Assocs., Inc.*,

247 Va. 166, 169. 440 S.E.2d 603, 605 (1994).

Affirmative conduct refers to situations in which a defendant acts as the "genesis"

of the dangerous condition. *Goehler v. Wal-Mart Stores, Inc.*, No. 99-2057, 2000 WL

1161700, at *2 (4th Cir. Aug. 17, 2000). In affirmative conduct cases, liability attaches

only if "an ordinarily prudent person, given the facts and circumstances [the defendant]

knew or should have known, could have foreseen the risk of danger resulting from such

circumstances." *Memco Stores, Inc. v. Yeatman*, 232 Va. 50, 55, 348 S.E.2d 228, 230

(1986)). In sum, "the foreseeability of the danger . . . [is] the relevant question for [a]

jury to consider in determining whether [a] defendant [has] been negligent." *O'Brien v.

Everfast, Inc.*, 254 Va. 326, 330, 491 S.E.2d 712, 715 (1997). When passive conduct is at

issue, a plaintiff must produce "evidence that the defect was noticeable and had existed

for a sufficient length of time to charge its possessor with notice of its defective

condition." *Grim v. Rahe, Inc.*, 246 Va. 239, 242 434 S.E.2d 888, 890 (1993). Thus, to

establish a *prima facie* case, a plaintiff must offer evidence showing when a defect

occurred. *Id.*

6

In the present case, Defendant seeks summary judgment on the ground that Plaintiff has not produced sufficient evidence to show that a hazardous condition existed at the time of the incident. In response, Plaintiff contends that the rectangular mat itself represented the hazardous condition "because it could be kicked, bunched, or rolled in such a way so as to trip up patrons along the food serving line." (Pl.'s Opp'n at 5). Plaintiff also alleges that her foot became twisted in the mat after the fall. However, Plaintiff fails to offer any evidence to show that the mat was in fact bunched or rolled up at the time of the accident, thus creating a hazardous condition.

In her deposition, Plaintiff testified that she did not see the mat until after she began to fall because she "wasn't looking down." (Def.'s MSJ Ex. 3 at 32). No other testimony established any irregularity with the mat prior to her fall. The only witnesses that actually observed the Plaintiff's fall testified that they did not notice the condition of the mat prior to the accident. (Def.'s MSJ Ex. 4 at 17; Ex. 5 at 18). Plaintiff's conclusion as to the cause of her fall is without factual support, as it is just as likely that the mat became bunched after the Plaintiff fell as before. This case closely resembles *Kendrick v. Vaz*, where the court set aside a jury verdict because the plaintiff failed to establish the existence of an unsafe condition. 244 Va. 380, 384–85, 421 S.E.2d 447, 450 (1995).

In *Kendrick*, the plaintiff fell and broke her ankle while pushing her child on a merry-go-round. Her claim was founded on the contention that an unsafe hole in the ground caused her fall, which was based solely on the fact that she "felt [her] foot slip." *Id.* Similarly, in the case at hand, Plaintiff attempts to show a hazardous condition using

only the fact that she fell and that the mat was observed to be bunched after her fall. This

evidence falls short of the mark.

Moreover, even assuming sufficient evidence exists for a reasonable jury to find

the presence of a dangerous condition, Plaintiff cannot establish that the restaurant had

notice of the dangerous condition. In the absence of actual notice, Plaintiff must forecast

some plausible proof that Defendant was placed on constructive notice. Because the case

involves the affirmative conduct of Defendant in placing the mat on the floor, the

Plaintiff must demonstrate that the dangerous condition was foreseeable. Plaintiff fails to

advance any evidence that the mat ever exhibited a tendency to bunch or roll up on

previous occasions, thereby posing a foreseeable threat to customers.

Although Plaintiff cites to the deposition of Defendant's manager for evidence that

the mat was "of a type that could be rolled up," this simply invites impermissible

speculation. Moreover, the manager merely stated in his deposition that the mat could be

manually rolled up—not that it had a tendency to do so while placed on the floor. (Pl.'s

Opp'n Ex. E at 30–31). As a result, Plaintiff fails to provide any evidence that "an

ordinarily prudent person, given the facts and circumstances [the defendant] knew or

should have known, could have foreseen the risk of danger resulting from such

circumstances." *Memco*, 232 Va. at 55, 348 S.E.2d at 230. While Plaintiff cites to

*Newton v. K Mart Corp.*, No. 1:99CV00041, 1999 U.S. Dist. LEXIS 17416, at *6 (W.D.

Va. Oct. 13, 1999), as a similar case where the court denied summary judgment for the

defendant in a slip-and-fall case involving a mat located on the ground, the present case is

factually distinguishable.

8

In *Newton*, the plaintiff produced testimony establishing that the defendant knew that the mat in question had a tendency to curl up and had previously tried to tape it down on numerous occasions. *Id*. No such evidence is present in the immediate case. Plaintiff produced a single witness who stated that a waitress commented to her on the evening of the incident that it was "a shame that this has happened . . . because the same thing happened the night before."[5] (Pl.'s Opp'n Ex. C at 26). However, the only waitress deposed in the case testified that she had not witnessed a similar accident.[6] Plaintiff has therefore failed to provide any evidence that a dangerous condition, if in fact present, would have been foreseeable to Defendant. In sum, even when viewed in a light most favorable to Plaintiff, the evidence at hand does not provide "the jury with a basis for anything more than conjecture regarding whether an unsafe condition existed" and whether the hazardous condition was foreseeable to Defendant. *Kendrick*, 244 Va. at 384, 421 S.E.2d at 450. For that reason, summary judgment is appropriate.

---

[5] To survive summary judgment Plaintiff must point to *admissible* evidence to support her claim. *Toll Bros. Inc. v. Dryvit Systems, Inc.*, 432 564, 568 (4th Cir. 2005).

[6] The waitress described another restaurant patron falling the night before in a completely different part of the restaurant and in a location without any mats on the floor. (Def.'s MSJ Ex. 9).

## IV.  CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment will be granted.

An appropriate Order will accompany this Memorandum Opinion.

                                                       /s/

                                         Henry E. Hudson
                                         United States District Judge

Date: Aug 26, 2011
Richmond, VA